PER CURIAM.
Appellants purchased a mobile home park and raised the rental on mobile home lots by thirteen dollars per month in 1982 and seventeen dollars per month in 1983, collecting a total of $516 of increased rental per tenant for that time. Alleging the rental increases to be unconscionable, and the payment thereof to have been induced by fraud, eighty-three mobile home owners, as tenants in the park, filed an action for *160 compensatory and punitive damages. The jury awarded $148 to two tenants, $244 to one tenant, $404 to one tenant, $708 to each of twenty-five tenants on a claim of failure to maintain the rental lots, and to each of twenty-five tenants testifying at trial, $2400 compensatory damages and $41,000 punitive damages (a total of $1,025,000 in punitive damages).
We find no evidence to support the twenty-five awards of $708 in damages, which are reversed. Neither do we find evidence to support the twenty-five awards of $2,400 compensatory award damages, and reduce each to $516.00. The fraud claim and punitive damages awards were, at best, based on claims that in the notice to tenants of the rent increases, the park owners indicated an intention to use the increased rental for improvements in the park but later failed to do so. These allegations are insufficient as a basis for an award of punitive damages and those awards are reversed. Except as reversed or modified herein, the appealed judgment is affirmed.[1]
AFFIRMED IN PART; REVERSED IN PART.
COBB, SHARP and COWART, JJ., concur.

. There were reversible errors in the trial itself which are not considered in this opinion because they are rendered moot by reversal, or reduction, of the damage awards.